**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan Manuel PENA, Defendant–Appellant.**

No. 04–41088.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, Tony Ray Roberts, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Juan Manuel Pena appeals the 51–month sentence imposed following his

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

guilty-plea conviction for conspiracy to possess with the intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841 and 846. He argues, for the first time on appeal, that in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the drug-trafficking statutes under which he was convicted are facially unconstitutional because they treat drug type and quantity as sentencing factors rather than elements of the offense which must be pleaded and proved beyond a reasonable doubt. As Pena concedes, his argument is foreclosed by *United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir. 2000).

In a supplemental letter brief, Pena additionally argues, also for the first time on appeal, that his sentence should be vacated because it was imposed pursuant to a mandatory application of the sentencing guidelines, citing *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This argument is reviewed for plain error. *United States v. Valenzuela–Quevedo*, 407 F.3d 728, 733 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556); *see also United States v. Mares*, 402 F.3d 511, 520 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). To demonstrate plain error, Pena must show "(1) error, (2) that is plain, and (3) that affects substantial rights." *Mares*, 402 F.3d at 520. Following *Booker*, a sentence imposed under the formerly mandatory, now advisory, guidelines regime constitutes an error that is plain. *Valenzuela–Quevedo*, 407 F.3d at 733. However, Pena has not demonstrated a probability that he would have received a lower sentence under an advisory scheme, and he has thus failed to demonstrate that

the error affected his substantial rights. *See id.* at 733–34; *see also Mares*, 402 F.3d at 521. Accordingly, the district court's judgment is AFFIRMED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR.

